Smith, j.
In 1892, the Village of Elmwood Place made an assess- *352 meat by ordinance for sidewalk improvement on two lots owned by the plaintiff, the assessment on each lot being for $12.66.
In June, 1893, the defendant made another assessment for the improvement of Linden street on which the lots fronted, in the sum of $87.78 on each of said lots. It is admitted that no notice was ever given to the plaintiff who was a non-resident of said village, but a resident of the county, of the passage of any resolution by the defendant of the necessity of either of said improvements, and that plaintiff had no notice of the fact of said improvements until after they were made. In all other respects it is conceded that the regular and legal steps were taken. . It is sought to enjoin the collection of the whole of these assessments on the ground that no notice was ever given to the plaintiff of the passage of either resolution declaring the necessity of such improvement, and if this is not sufficient, that such assessment was for more than 25 percent, of the value of the lots after the improvement was made, and praying that it be limited to 25 per cent, of the value of the property after the improvement was completed.
1st. As to the sidewalk assessments: The proceedings of the municipal authorities as to the making and repair of sidewalks, and the assessment therefor, are prescribed by sec. 2329, Revised Statutes. This section provides for the passage of a resolution declaring that certain sidewalks shall be constructed, and for a written notice to be given to tbe owner or his agent (if a resident of the municipal corporation) of each parcel abutting on the sidewalk of the passage of such resolution. If the owner is a non-resident, and neither he or his agent can be found, notice is to be given by publication in some newspaper of general circulation in the corporation. Sec. 2330 gives such owner thirty days after service of notice to construct such sidewalks. If he d.oes not do so, the authorities are to do it at the ex *353 pense of the owner of the property abutting thereon, and the same, with a penalty of 20 per cent., shall be a lien on the abutting property and be collected as other assessments. In the 11 C.C. Rep., 69 it was held that “the city has no power to lay a sidewalk and assess the abutting ' property for the cost of it, until the owner himself has been notified to lay it and has had the opportunity to lay it.” We think this is good law, and.as.notice was not given in this case, the assessment for the sidewalk will be enjoined.
2nd. As to the effect of the failure to serve plaintiff with a copy of the resolution declaring the necessity of improving the street. Did this render the whole assessment void, or under the provisions of our curative statutes as to assessments, can the court properly, in an action brought by the corporation to collect the assessment, or in one brought by the owner to enjoin it, in a case where no notice of the proceedings to improve has been given as required by sec. 2804, allow such part of the assessment as is a proper charge upon the property to be .collected in the one case, or to stand in the other?
See,2289,Revised Statutes, was theoriginal curative sec-' tion.and provides,in substance, that in any action,brought by the municipality to recover the amount of the assessment or enforce the lien thereof,“if it shall appear that by reason of any technical irregularity or defect, whether in the proceedings of the board of improvements, or of the council, or any other officer of the corporation, of in the plans or estimates, the assessment has not been properly made against any defendant, or upon any lot or parcel of land sought to be charged, the court may nevertheless, on satisfactory proof that expense has been incurred .which is a proper charge against said defendant, or lot or parcel of land in question, render judgment for the amount properly chargeable against such .defendant or on such lot or land, but in such cases the court shall make such order for the payment of costs as *354 may be deemed equitable and proper.” — As stated, this seems to be applicable only to actions brought by the municipality, but we have no doubt but the same rule should be applied to cases where an owner of land seeks to enjoin an assessment on account of some “technical irregularity or defect.”
But we are of the opinion that the failure to give the notice required by law, is not a mere technical irregularity or defect' — 'but on the contrary, is necessary to confer jurisdiction upon the municipality,and unless it is given,that the assessment can not be legally made upon the property of a person entitled to such notice. We do not say that there must be a literal compliance with the terms of the statute to give such jurisdiction. For instance, as held by this court in the-Green case, 7 O. 0. Rep., 238, that notice may be served, but not in strict compliance with the statute, and then it would constitute a technical irregularity or defect which would bring the case within the provisions of sec. 2289. But where no notice is given or attempted to be given, and the municipality proceeds to assess the land of the owner, the case is different. As held in 47 Ohio St., 217, the purpose of this notice is not merely to notify the owner,so that he may claim damages if he desires to do so. He is entitled to it for other purposes, and if his rights in this respect are disregarded,he is entitled to have the assessment held invalid. We think this view is warranted by the decisions of the supreme court in 18 Ohio St., 85; 27 Ohio St., 527; 34 Ohio St., 468, and 43 Ohio St., 75.
We think it is strengthened, too, by the provisions of sections 2289a, 22896, and sections 2289c, and 2289d, as enacted Jan. 11, 1893, vol. 90 O. L., page 5. By this legislation, it was in effect provided, that where the municipal authorities heretofore or hereafter should have failed to pass ordinances for assessments in the manner provided by the statute, (and a failure to do so, rendered the as *355 sessmenfc invalid as held by the supreme court), and. in other respects specifically mentioned - have failed to observe the provisions of the statute, that if it still appeared that some part of the assessment was a- just claim upon the land, that it might be collected nevertheless, or that the whole assessment should not be enjoined or held invalid. But there is no pretence that any of these sections applies to a case where no notice was given as required by law.
Burch-& Johnson, for Plaintiff.
Scott Bonham, for the Village.
In the case at bar, Schmidt, the plaintiff, in his petition avers that without prejudice to his rights and by way of compromise he had tendered to said defendant the sum of $45 for each of said lots in' payment of the full amount of the assessments made thereon, and is ready and willing to pay the same still. If the defendant is willing now to accept said amount in full of its claim, the decree may be taken in its favor for that amount,and the rest here enjoined. If not, the whole will be enjoined, saving the right to the defendant (if any it has), under sec. 2290, to order a re-assessment. In either event the costs will be adjudged against the defendant.